IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ANDRES LOPEZ CLAUDIO, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. 4:23-cv-108-BP |
| | § |
| COMMISSIONER OF | § |
| SOCIAL SECURITY, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Andres Lopez Claudio ("Claudio") applied for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). The Commissioner denied his application initially and upon reconsideration, deciding that he was not disabled. Claudio appealed. There is no reversible error in the residual functional capacity ("RFC") that the Administrative Law Judge ("ALJ") formulated, and there is substantial evidence to support the ALJ's finding that a significant number of jobs exist in the national economy that Claudio can perform. Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** the case **with prejudice.**

**I.     BACKGROUND**

Claudio seeks disability benefits under Title II of the SSA, claiming disability status since January 26, 2018. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 11-1 at 11. The Commissioner decided that he was not disabled and denied his application initially and upon reconsideration. *Id*. Claudio requested a hearing before an ALJ who conducted the hearing and affirmed the Commissioner's decision. Tr. 11, 22. After the Appeals Council denied review (Tr. 1-5), Claudio filed this civil action seeking judicial review under 42 U.S.C. §§ 405(g) and 416(g). *See* ECF No. 1; *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (citing 20 C.F.R.

§ 416.1400(a)(5)) ("[T]he Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review.").

## II. STANDARD OF REVIEW

Title II of the SSA, 42 U.S.C. §§ 401-434, governs the disability insurance program. A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. § 404.1520.

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's RFC and considers his past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [his] limitations," *id.* § 404.1545(a)(1), while PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his PRW considering his RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the

2

claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing he is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

**III.   ANALYSIS**

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 13-22. First, the ALJ found Claudio had not engaged in substantial gainful activity since January 26, 2018. *Id.* at 13. Second, he found one medically severe impairment of lumbar radiculitis. *Id*. He found four non-severe impairments: obesity, somatic symptom disorder, generalized anxiety disorder, and major depressive disorder. Tr. 14. Third, he identified no impairment or combination of impairments that qualify under the federal regulatory list. Tr. 15. He then assessed Claudio's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has a [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) except he could climb ramps and stairs occasionally, but never climb ladders, ropes, or scaffolds. The claimant could occasionally climb, balance, stop, kneel, crouch, and crawl.

Tr. 16. Using this RFC determination and after hearing the testimony of a vocational expert ("VE"), the ALJ determined at step four that Claudio could not perform PRW. Tr. 20. However, at Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Claudio could perform, specifically as a document preparer, ticket checker, eyeglass frame polisher, and addresser. Tr. 21-22. The step five finding meant that Claudio was ineligible for DIB because he was not disabled, a finding that terminated the ALJ's evaluation. *Id.*; *see Lovelace*, 813 F.2d at 58.

Claudio argues that the Court should reverse the ALJ's decision on five grounds. ECF No. 13. First, he argues that substantial evidence does not support the ALJ's finding that he does not have a severe mental impairment. *Id*. at 20. Second, he asserts that the ALJ failed to consider the impact of his mental impairments when assessing his RFC. *Id*. at 27. Third, he contends that the ALJ derived the physical limitations in his RFC without a basis in medical evidence and,

4

accordingly, substantial evidence did not support the RFC. *Id*. at 31. Fourth, he states that substantial evidence did not support the ALJ's finding on the persuasiveness of Dr. Benjamin Kim's medical opinion. *Id*. at 35. Finally, he claims that there is no substantial evidence that the number of jobs the ALJ found in the national economy that Claudio could perform is a significant number. *Id.* at 41.

> **A.    The ALJ's not considering all of the medical opinions in the record when determining the severity of Claudio's mental impairments was harmless error.**

"[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). Accordingly, to meet the severity threshold at step two, "the claimant need only . . . make a de minimis showing that [the] impairment is severe enough to interfere with her ability to do work." *Anthony v. Sullivan*, 954 F.2d 289, 294 n.5 (5th Cir. 1992). "Because a determination [of] whether an impairment[ ] is severe requires an assessment of the functionally limiting effects of an impairment[ ], [all] symptom-related limitations and restrictions must be considered at this step." *Martinez v. Kijakazi*, No. 3:20-cv-3282-BH, 2022 WL 4590577, at *11 (N.D. Tex. Sept. 29, 2022) (quoting Social Security Ruling ("SSR") 96-3P, 1996 WL 374181, at *2 (S.S.A. July 2, 1996)). Ultimately, a severity determination may not be "made without regard to the individual's ability to perform substantial gainful activity." *Stone*, 752 F.2d at 1104.

Although a claimant's step-two burden is quite low, it remains exceedingly difficult to show that substantial evidence does not support an ALJ's opinion, in whole or in part. Evidence is substantial if it "is more than a mere scintilla," but it need not be greater than a preponderance. *Boyd*, 239 F.3d at 704. It is the bare minimum needed for "a reasonable mind [to] accept to support a conclusion." *Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236). A finding of no

substantial evidence is only appropriate where a reasonable mind could not support the ALJ's conclusion based on the evidence under consideration.

Claudio argues that substantial evidence does not support the ALJ's determination because he did not consider the opinions of other doctors who suggested that Claudio's limitations were severe. ECF No. 13 at 22-27. Instead, the ALJ only relied on a psychiatric evaluation performed by Dr. Lisa Bellah and the initial disability determination of State Agency Medical Consultant ("SAMC") Ryan Mendoza, Psy.D. *Id.* at 22. Claudio contends that other evidence in the record supports his assertion that his mental impairments were severe, but his "burden is not to highlight evidence contrary to the ALJ's ruling, but to show that there is no substantial evidence supporting the ALJ's decision." *Ray v. Saul*, No. 4:20-cv-00453-BP, 2021 WL 2043100, at *4 (N.D. Tex. May 21, 2021); *Caldwell v. Colvin*, No. 4:15-cv-00576-O-BL, 2016 WL 3621097, at *3 (N.D. Tex. June 10, 2016), *rec. adopted*, No. 4:15-cv-00576-O, 2016 WL 3523780 (N.D. Tex. June 28, 2016). Claudio's disagreement with the ALJ's severity finding does not carry his burden of establishing that no substantial evidence supports the ALJ's determination. *Ray*, 2021 WL 2043100 at *4.

An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion. Failure to explain the rejection of a medical opinion justifies a remand." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759-61 (5th Cir. 2017)). Claudio contends that the ALJ failed to give proper weight and consideration to the medical opinions of Dr. Lopez, Dr. Adami Gabriel, Dr. Kalra, and Dr. Benjamin Kim. ECF No. 13 at 27.

All four of these medical opinions detailed worse mental impairments than the SAMCs found. *Id.* at 22-27. However, the ALJ never discussed the medical opinions of Dr. Lopez or Dr. Kalra in his decision. *See* Tr. 1-22. Moreover, the ALJ's discussion of Dr. Gabriel and Dr. Kim

6

occurred during his RFC determination, not at Step Two, and he only evaluated their reports regarding Claudio's physical impairments. Tr. 19-20. Thus, it appears that the ALJ either did not consider these doctors' medical opinions regarding Claudio's mental impairments or assigned them no weight.

If the ALJ had disregarded these opinions when formulating an RFC, remand would be appropriate for either option. *Kneeland*, 850 F.3d at 761. However, at Step Two, an error by the ALJ in failing to find an impairment "severe" is not grounds for reversal. *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987); *Michel v. Astrue*, No. 4:09-cv-622-A, 2011 WL 1750235, at *1 (N.D. Tex. May 6, 2011). Claudio's case did not depend upon a conclusion of the "non-severity" of Claudio's condition, and the ALJ went on to find, pursuant to the fifth step of the sequential evaluation analysis, that Claudio's impairment did not disable him from working. *Adams*, 833 F.2d at 512.

Moreover, in formulating an RFC, "[an] ALJ [must] consider the restrictions and limitations caused by all of [the claimant's] impairments, even those that are non-severe." *Cotter v. Comm'r, Soc. Sec. Admin.*, No. 4:21-cv-748-P, 2022 WL 3970057, at *5 (N.D. Tex. Aug. 10, 2022), *rec. adopted*, 2022 WL 3974493 (N.D. Tex. Aug. 31, 2022), *aff'd sub nom. Cotter v. Kijakazi*, No. 22-10953, 2023 WL 2759064 (5th Cir. Apr. 3, 2023). Thus, any error at this stage is a harmless error that does not require reversal.

> **B.  The ALJ did not consider the impact of Claudio's mental impairments when assessing his RFC, but the error was harmless.**

The RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1, *3–*5 (S.S.A. July 1, 1996). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his work-related abilities on a function-

7

by-function basis, including functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." *Id*. at *1.

The RFC determination falls solely to the ALJ, who is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The ALJ need not expressly state all of the limitations on which he bases the RFC. *Martha L. v. Saul*, No. 1:20-cv-00003-H-BU, 2021 WL 3610316, at *3 (N.D. Tex. July 27, 2021), *rec. adopted*, No. 1:20-cv-003-H-BU, 2021 WL 3604082 (N.D. Tex. Aug. 13, 2021) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422-23 (5th Cir. 2008)). Nor must an ALJ incorporate limitations in the RFC that he did not find that the record supported. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

The Court has found no legal error where an ALJ did not include mental limitations in a claimant's RFC so long as the ALJ considered the limiting effects and restrictions of all impairments in the RFC analysis, even non-severe impairments. *Martha*, 2021 WL 3610316 at *5.; *see also Gonzales v. Colvin*, No. 3:15-cv-0685-D, 2016 WL 107843, at *8 (N.D. Tex. Jan. 11, 2016) (holding that "the ALJ adequately discussed and considered the limiting effects of [Plaintiff's] mental impairments in formulating his RFC" when the ALJ's RFC analysis considered relevant mental health records, reports, and plaintiff's testimony regarding his mental impairments); *Danny R. C. v. Berryhill*, No. 3:17-cv-1682, 2018 WL 4409795, at *15–16 (N.D. Tex. Sep. 17, 2018) (finding no legal error where the ALJ declined to include mental limitations in plaintiff's RFC because the ALJ's "decision reflect[ed] that he considered Plaintiff's mental functioning when performing his RFC analysis").

Here, the ALJ did not thoroughly discuss Claudio's mental limitation in his RFC determination. As noted above, the ALJ recognized that Claudio suffered from non-severe mental impairments and assessed him with mild limitations on his ability to interact with others. Tr. 14.

However, the ALJ did not mention the effect of Claudio's mental impairments on his ability to work in his RFC analysis. Tr. 16-20. The ALJ's RFC discussion focused on Claudio's physical impairments. *Id*. The impact of the mental limitations remained underdeveloped, and it is unclear whether the ALJ properly considered the restriction of Claudio's non-severe mental impairments and mild mental limitation in determining his RFC.

However, while the ALJ erred in not including Claudio's mental limitations in his RFC assessment, remand is not required if the error is harmless. "Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have [not] been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). Harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error. *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006) (citing *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

Dr. Bellah found that Claudio had no limitations in each of the four "paragraph B" categories and that his mental health symptoms were not likely to interfere with his ability to function in a work setting. Tr 14, 5828. SAMC Mendoza found that Claudio's depression caused mild limitations on his ability to understand, remember, or apply information and on his ability to concentrate, persist, or maintain pace. Tr. 15, 54-55. But he found no limitations on Claudio's ability to interact with others or to adapt or manage himself. *Id*. Moreover, he stated that these limitations did not appear to add any significant limits on functioning. Tr. 15, 55.

There is scant difference between the ALJ's lack of limitations in the RFC and the mild limitations detailed by SAMC Mendoza and Dr. Bellah. Thus, Claudio has not shown how the exclusion of an evaluation of his mental limitations either affected a substantial right or prejudiced him. He has not shown that the result of the ALJ's analysis likely would have been any different

if the ALJ had specifically evaluated his mental impairments when determining his RFC. Thus, he has not shown that it was conceivable that the ALJ would have reached a different administrative conclusion absent the error. ECF No. 13 at 30-31. Accordingly, any error that the ALJ committed on this point was harmless, and reversal is not warranted.

### C. The ALJ correctly evaluated the persuasiveness of Dr. Kim's medical opinion.

An ALJ has broad discretion to resolve conflicts in the evidence without the Court second-guessing him. *Hernandez v. Astrue*, 269 F. App'x 511, 515 (5th Cir. 2008) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)). An ALJ is free to reject any medical opinion when the evidence supports a contrary conclusion. *See generally Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009) (quoting *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987)). An ALJ may even completely disregard the opinion of a treating physician. *See Brown v. Apfel*, 192 F.3d 492, 500 (5th Cir. 1999).

Regardless of whether an ALJ accepts or rejects a medical opinion, the ALJ must "articulate in [his] determination or decision how persuasive [he] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b); *Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-01122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022), *rec. adopted* 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). This requirement is obligatory for claims filed on or after March 27, 2017. *Id.* Claudio applied for DIB on April 23, 2020, and is, therefore, entitled to the explanation.

While ALJs need not exhaustively recount their reasoning, they must "explain how [they] considered the supportability and consistency factors for . . . medical opinions . . . in [a claimant's] determination or decision." 20 C.F.R. § 404.1520c(b)(2); *Guy*, 2020 WL 1008039, at *3. Mere evidentiary summaries fall short of § 404.1520c's requirements, as evidenced in the plain meaning

of the regulatory text. *Id*. Determining supportability and consistency involve different analyses and "require the ALJ to explain his reasoning for his persuasiveness finding with respect to each factor." *Heleodoro C. v. Commissioner, Social Security Administration*, No. 3:20-cv-3520-E-BK, 2022 WL 4259148, at *3 (N.D. Tex. July 20, 2022), *rec. adopted* 2022 WL 4360555 (N.D. Tex. Sept. 19, 2022) (quoting *Kilby v. Kijakazi*, No. 4:20-cv-03035, 2022 WL 1797043, at *3 (S.D. Tex. Mar. 15, 2022)). While "supportability" measures the degree of relatedness between a medical provider's opinion and the medical evidence she provides to support that opinion, "consistency" is "an all-encompassing inquiry" that focuses on "how well a medical source is supported, or not supported, by the entire record." *Id*; *See* 20 C.F.R. §§ 404.1520c(c)(1), 404.1520c(c)(2).

> In his decision, the ALJ explained why he found Dr. Kim's testimony unpersuasive:
>
> The extreme limitations opined by Dr. Kim are inconsistent with his entirely conservative course of pain management treatment with the claimant, and the claimant's conservative treatment even since his last lumbar surgery in April 2019. The opinion of Dr. Kim appears to be based largely on the claimant's subjective complaints, and it is inconsistent with the claimant's daily activities, which includes his ability to provide care for pets, his young children, shop in stores for groceries, drive at least short distances, prepare meals, and perform light household chores [ ]. Because it is unsupported and inconsistent with the record as a whole, the opinion is not persuasive.

Tr. 19-20. Claudio argues that the ALJ incorrectly found that Dr. Kim's medical opinion was unpersuasive because his analysis failed to consider all of Claudio's surgeries. ECF No. 13 at 35. Moreover, Claudio states that the ALJ's opinion regarding his performance of daily activities fails to consider the significant limitations he reported in performing such activities. *Id*. at 39. However, an ALJ need not exhaustively recount his reasoning for rejecting a medical opinion. *Guy*, 2020 WL 1008039, at *3. Based on the ALJ's explanation, it is clear that he considered the supportability and consistency of Dr. Kim's final opinion as being contrary to the course of

treatment that he provided Claudio, Claudio's testimony, and the ALJ's perception of Claudio. The ALJ carefully explained why he did not find Dr. Kim's opinion persuasive. Thus, this point does not require reversal.

### D.     Substantial evidence supports the RFC's physical limitations.

Substantial evidence did not support the ALJ's RFC determination in *Ripley*, thus warranting remand, because the record "d[id] not clearly establish…the effect [the claimant's] condition had on his ability to work." *Id.* at 557. The ALJ found Ripley not disabled because he could perform sedentary work. *Id.* Even though the record included "a vast amount of medical evidence," including "reports discussing the extent of Ripley's injuries," no reports from "qualified medical experts" showed how Ripley's condition affected his ability to perform sedentary work. *Id.* at 557 & n.27.

After *Ripley*, the Court found that reversible error lies where the "record does not clearly establish" how an applicant's condition affects his ability to work. *Bowles v. Comm'r of Soc. Sec.*, No. 7:20-cv-00112-O-BP, 2021 WL 7451148, at *3 (N.D. Tex. Oct. 19, 2021), *rec. adopted*, 2022 WL 768546 (N.D. Tex. Mar. 14, 2022); *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7-8 (N.D. Tex. Mar. 31, 2016); *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Dec. 15, 2014), *rec. adopted*, 2015 WL 232844 (N.D. Tex. Jan. 16, 2015).

Claudio relies on this line of cases to argue that substantial evidence does not support the ALJ's physical limitations. ECF Nos. 13 at 31, 16 at 5. However, in those cases, the ALJ completely rejected the only medical evidence that supported his or her determination. Here, the ALJ found that the record established that Claudio was more limited in his physical abilities than SAMC Mendoza and SAMC Sharka Junejo, M.D., found him to be. Tr. 19. Accordingly, the ALJ

considered the SAMCs' opinions to be partially persuasive, deciding that Claudio had a sedentary exertional level. *Id*. Additionally, the ALJ found the medical opinion of Dr. Kim unpersuasive as previously noted. Tr. 19-20. Thus, Claudio asserts that no medical evidence supports the ALJ's determination of his physical limitations, and that reversal must follow. ECF Nos. 13 at 31, 16 at 5.

Claudio's argument is unavailing. His case is distinguishable from the cases noted above where the Court reversed the ALJ's decision. In those post-*Ripley* cases, the Court found that substantial evidence did not support the ALJs' RFC determinations "when the ALJ rejected all medical opinions of record and independently determined [ ] the plaintiff[s'] [limitations]." *Ernest A. J. v. Saul*, No. 1:18-cv-00194-BU, 2020 WL 6877706, at *17 (N.D. Tex. Oct. 19, 2020), *rec. adopted*, 2020 WL 6873609 (N.D. Tex. Nov. 23, 2020). Here, the ALJ did not completely reject the SAMCs' opinions, but instead found them to be "partially persuasive" given the other evidence of record. Tr. 25. "Assigning less persuasive merit to particular areas of a specific evidentiary source is a far cry from rejecting that source in its entirety." *Vasquez v. Comm'r of Soc. Sec.*, No. 7:21-cv-00028-O-BP, 2022 WL 2975471, at *5 (N.D. Tex. June 30, 2022), *rec. adopted*, 2022 WL 2972240 (N.D. Tex. July 26, 2022). *See also Ernest A. J.*, 2020 WL 6877706 at *17 ("[t]he ALJ . . . departed from the SAMCs' medical opinions insofar as the ALJ found Plaintiff to be more limited than the SAMCs opined. However, this departure does not constitute a rejection of those opinions, as Plaintiff suggests."); *Michael L. v. Berryhill*, No. 3:18-cv-0010-G-BK, 2019 WL 1243866, at *5 (N.D. Tex. Feb. 20, 2019), *rec. adopted sub nom. Layton v. Berryhill*, 2019 WL 1244076 (N.D. Tex. Mar. 18, 2019) ("the ALJ did not reject the assessments of the SAMCs by including additional restrictions in her RFC assessment").

ALJs may assign more or less persuasive value to certain evidentiary sources and reach an RFC based on some, but not all, of the evidentiary record. *Vasquez*, 2022 WL 2975471 at *5. Thus, even though the ALJ found the SAMCs' opinions only "partially persuasive" and Dr. Kim's opinion unpersuasive, the ALJ's decision is not devoid of any medical opinions. The ALJ did not wholly reject the SAMC's assessments, and he explained the reasoning for his decision. Accordingly, the ALJ properly evaluated the medical opinion evidence of record and did not commit a *Ripley* error.

Even if the ALJ erred, inclusion of limitations on a claimant's activity beyond those expressed by a medical source or SAMC does not automatically constitute reversible error. *Ernest A. J.*, 2020 WL 6877706 at *13. The Court will not reverse the Commissioner's decision where "the substantial rights of a party have not been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

As shown above, the ALJ did not commit an error by finding Dr. Kim's opinion unpersuasive. Thus, if the ALJ had matched the limitations that the SAMCs formulated, his limitations on work activities would be "light" instead of "sedentary." Tr. 61, 87. Claudio does not show how inclusion of restrictions that would qualify him for less work than the SAMCs recommended affected a substantial right. *See Steven K. v. Kijakazi*, No. 3:20-cv-01655-G-BT, 2022 WL 1056920, at *13 (N.D. Tex. Jan. 19, 2022). Likewise, the Court finds that an ALJ's formulation of an RFC that makes it less likely for a claimant to perform PRW, thus giving him a greater chance of being found disabled, does not affect a claimant's substantial rights.

Moreover, Claudio did not demonstrate prejudice by noting any additional evidence that he could or would have changed ALJ's decision. *See Michael L*, 2019 WL 1243866 at *5. The record reflects that the ALJ considered the entire evidentiary record and incorporated into his

decision treatment notes and observations of several doctors, Claudio's testimony and hearing evidence regarding his functional impairments, Claudio's description of what he could and could not do, and the SAMCs' functional estimates to the extent that they supplemented and were consistent with the rest of the record. *See* Tr. 18-21, 24-25. Because those considerations are "such relevant evidence as a reasonable mind might accept to support a conclusion," substantial evidence supports the RFC. *See Ripley*, 67 F.3d at 555 (quoting *Greenspan*, 38 F.3d at 236).

While Claudio disagrees with the RFC assessment, "[a] finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd*, 239 F.3d at 704 (quoting *Harris*, 209 F.3d at 417). That is not the case here, and the Court is "highly deferential" to the Commissioner. *Perez v. Barnhart,* 415 F.3d 457, 464 (5th Cir. 2005). Thus, any error on the evidence before the ALJ is not a reversible error.

> **E.** **Substantial evidence supports the ALJ's finding that there are a significant number of jobs for Claudio to perform in the national economy.**

The ALJ found that Claudio was not disabled within the meaning of the Act because he could perform jobs that existed in significant numbers in the national economy. Tr. 21-22. The ALJ determined, based on the VE's testimony, that Claudio could perform the jobs of a document preparer, ticket checker, eye glass frame polisher, and addresser. *Id*. These jobs exist in the number of 17,000, 7000, 1300, and 2000, respectively, in the national economy. *Id*. Claudio argues that the number of jobs that the VE suggested does not represent a significant number of jobs in the national economy. ECF No. 13 at 42.

Neither the Fifth Circuit nor this Court has endorsed a bright-line rule for what constitutes a "significant" number of jobs. *See, e.g.*, *Jackson v. Berryhill*, No. 3:16-cv-2957-G-BK, 2017 WL 4457539, at *3 (N.D. Tex. Sept. 11, 2017), *rec. adopted*, 2017 WL 4410812 (N.D. Tex. Oct. 3, 2017) ("The Court of Appeals for the Fifth Circuit has not, in a published opinion, determined

15

what constitutes a 'significant number' of jobs."). Instead, the Fifth Circuit has indicated the determination should be based on "common sense." *Id.*

In *Lirley v. Barnhart*, the court held that 50,000 was a sufficient number of jobs in the national economy to be significant, but there was no indication that 50,000 was the minimum needed to be significant. 124 F. App'x 283, 284-85 (5th Cir. 2005). Claudio is correct in stating that the Court has found job numbers similar to those here did not constitute a significant number of jobs in the national economy. *Adrienne W. v. Berryhill*, No. 3:17-cv-1218-N-BT (N.D. Tex. Aug. 24, 2018), *rec. adopted*, No. 3:17-cv-1218-N-BT (N.D. Tex. Sept. 14, 2018) (1,300 call out operator jobs in Texas and 16,000 jobs nationally, and 1,000 surveillance system monitor jobs in Texas and 17,000 jobs nationally not significant); *Morgan v. Colvin*, No. 3:15-cv-2589-L-BH, 2016 WL 5369495 (N.D. Tex. Sept. 6, 2016), *rec. adopted*, 2016 WL 5341305 (N.D. Tex. Sept. 23, 2016) (1,000 surveillance system monitor jobs in Texas and 17,000 jobs nationally, and 780 school bus monitor jobs in Texas not significant); *Johnson v. Colvin*, No. 3:15-cv-1737-N, 2016 WL 1212436, at *4 (N.D. Tex. Feb. 25, 2016), *rec. adopted*, No. 3:15-cv-01737-N, 2016 WL 1228630 (N.D. Tex. Mar. 28, 2016) (1,000 jobs in Texas and 9,200 nationally not a significant number).

However, whether the job numbers are significant is a moot point as the Court must only determine whether substantial evidence supports the ALJ's finding. ECF No. 13 at 41. Here, the ALJ specifically asked the VE whether jobs existed in the national economy for an individual with Claudio's age, education, work experience, and RFC. Tr. 43-44. The VE testified that given his limitations, there were four sedentary jobs that existed in significant numbers in the national economy that he could perform. Tr. 44-45. An attorney represented Claudio at the administrative hearing, and the attorney had ample opportunity to question the VE regarding the validity of the

16

job numbers. *Pitts*, 2020 WL 6566412 at *7 (citing *Stacey R. M. v. Berryhill*, No. 3:17-cv-2287-N-BN, 2018 WL 3803860, at *11 (N.D. Tex. July 23, 2018), *rec. adopted*, No. 3:17-cv-2287-N-BN, 2018 WL 3769876 (N.D. Tex. Aug. 9, 2018)). Thus, if Claudio wanted to question the basis of the VE's job numbers, his attorney should have raised the issue at the hearing. *Perez,* 415 F.3d at 464.

Claudio did not challenge the VE's testimony at the hearing or counter it with other evidence. Without such an objection, the ALJ was within his discretion to rely solely on the uncontested VE testimony. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1155 (2019) (absent objection at the hearing, a VE's testimony may qualify as substantial evidence even when unaccompanied by supporting data). Therefore, because Claudio did not object to the VE's testimony at the hearing, the ALJ properly relied on the VE's testimony, which provided evidence of a substantial number of jobs in the national economy that Claudio could perform. Those numbers meet the Fifth Circuit's definition of a "common sense" substantial number of jobs. Accordingly, reversal on this point is not required.

### IV.     CONCLUSION

Because the ALJ applied the proper legal standards and substantial evidence supports the ALJ's decision, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case **with prejudice.**

It is so **ORDERED** on July 25, 2023.

*[signature: Hal R. Ray, Jr.]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE